UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRANKLIN H. PETTIFORD,<br>　　　　　　　　Defendant. | Criminal No. 06-217M-01 (AK) |

**DETENTION MEMORANDUM**

The Defendant, Franklin H. Pettiford, has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 19, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Theodore Brosey, with the Metropolitan Police

- 1 -

Department's Seventh District, testified for the government.  Officer Brosey testified that on May 15, 2006 at approximately 2:20 p.m. at the Eastover Shopping Center in Maryland, a law enforcement officer saw a hand-to-hand covert drug transaction between Defendant, who was in the driver's seat of a grey colored Ford Expedition, and a pedestrian who was a known drug dealer.  According to surveillance, the pedestrian leaned into the car and handed a white substance to Defendant, who in turn handed an unidentified item to the pedestrian.  When Defendant drove away from the shopping center, the officer who had surveilled this incident ran the vehicle's tags and asked marked patrol units to assist in stopping the vehicle.  Officer Brosey overheard this radio communication and within five minutes he observed a vehicle with tags that matched those identified over the radio at the intersection of Livingston Road and Atlantic Street, S.E., Washington, D.C.  Officer Brosey and another officer, who were driving a marked police vehicle, conducted a traffic stop of Defendant's vehicle in the 200 block of Atlantic Street, S.E.  Officer Brosey requested Defendant's license and the registration for the vehicle, and the officers ran the vehicle tag.  The background search revealed that Defendant did not have a valid license and that the car was registered to an individual other than the Defendant.  The search also indicated that the registration had expired on April 30, 2006, and the officers placed Defendant under arrest for driving an unregistered automobile.

    Upon Defendant's arrest, the officers searched the vehicle, and from the front center console they recovered a large clear sandwich bag containing a loose white rock substance and a 200-Z digital scale and four medium sized clear zip lock bags containing loose white rock substance.  The white rock-like substance later tested positive for cocaine base and the approximate weight of the cocaine totaled 23.3 grams.  This large amount indicated to Officer Brosey that the substance was

intended for distribution and not for individual use. Having heard the testimony at the May 19, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1).

## **Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

However, when, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

Here, the government seeks detention based both on basis of danger to the community and a risk of flight. In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute crack-cocaine, a dangerous and destructive narcotic.

The second factor, the weight of the evidence, also favors detention. Officer Brosey with the Metropolitan Police Department testified that the bags containing the white rock-like substance, which later tested positive for crack-cocaine, were found in the center console of the car. Officers also found a 200-Z digital scale from the console. These facts suggest that the narcotics found in Defendant's possession were intended for resale rather than consumption. Defendant was driving the vehicle at the time when it was stopped and the narcotics were recovered. Thus, the Defendant had constructive possession of the vehicle and the drugs inside.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention. Defendant was convicted in 1991 of Second Degree Murder While Armed and Carrying a Dangerous Weapon. Defendant was released on parole in 2004 with the clear understanding that he not engage in criminal activity. Notwithstanding this requirement, Defendant was found in possession of an unregistered vehicle containing narcotics. Thus, Defendant has already demonstrated that he ignores conditions imposed by the Court. In addition, although Defendant is

a lifelong resident of Washington D.C. and has been residing with his sister for the past six months, according to his parole officer, Defendant has had drug testing issues and has remained unemployed.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, supports detention, as well. As stated previously, the Defendant is charged with possession with intent to distribute crack-cocaine. Drug trafficking is an offense that tears the very fabric of our community. Defendant's history of criminal activity and his non-compliance with the conditions of his parole indicate that he would pose a danger to the community if released.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that, although there is insufficient evidence to consider the Defendant a serious flight risk, the evidence does clearly and convincingly establish that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The Court also finds that no condition or combination of conditions can be imposed to reasonably assure the safety of the community if Defendant is released. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: May 22nd, 2006                ___/s/_____
                                     ALAN KAY
                                     UNITED STATES MAGISTRATE JUDGE

- 6 -

Case 1:06-cr-00162-TFH   Document 2   Filed 05/22/2006   Page 6 of 6