UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ] ] ] | |
| v. | ] ] | Criminal No. 06-162<br>Judge Kollar-Kotelly |
| FRANKLIN PETTIFORD | ] ] | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Franklin Pettiford, through undersigned counsel, respectfully moves this Court to suppress as evidence against him any and all evidence and statements obtained as a result of his unlawful seizure and questioning by officers of the Metropolitan Police Department on May 15, 2006.

As grounds for this motion, defendant states the following:

1.  On May 15, 2006, at approximately 2:30 pm, Mr. Pettiford was driving peaceably along Atlantic Ave, S.E.

2.  Metropolitan Police Department officers, who did not have a warrant, made Mr. Pettiford stop and get out of the car. They arrested him and searched the car. Illegal drugs were allegedly recovered pursuant to the search. Subsequently, Mr. Pettiford allegedly responded to their questions. No "Miranda"

warnings were given to Mr. Pettiford.

The government has futilely searched for rationales for its illegal stop, from alleged questioning regarding a homicide, to an alleged drug transaction in Maryland, to expired registration.

3. Warrantless arrests and searches are unreasonable under the Fourth Amendment unless they fall within one of a few, carefully delineated exceptions. <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967). <u>Matter of B.K.C.</u>, 413 A.2d 894, 902 (D.C. Ct. App. 1980).

4. The evidence at the hearing will show that at the time of the initial police seizure of Mr. Pettiford, they had no warrant for Mr. Pettiford' arrest. Therefore, any evidence or statements obtained pursuant to their illegal seizure should be suppressed. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

5. The evidence at the hearing will show that the police had no valid reason to accost Mr. Pettiford. At the time the police searched Mr. Pettiford they lacked adequate justification to seize and search him. <u>Terry v. Ohio</u>, 393 U.S. 1 (1968). Any evidence obtained pursuant to the illegal stop, arrest and search should be suppressed. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

6. Statements made by exploiting an illegal arrest are inadmissible. <u>See Brown v. Illinois</u>, 422 U.S. 590, (1975) (statement made by defendant less than two hours after him illegal arrest inadmissible, even though statement preceded by <u>Miranda</u> warnings). Here, the police followed up their illegal seizure with questions

designed to incriminate the defendant.

7. The statements made by Mr. Pettiford should also be suppressed because they were elicited in violation of the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). Circumstances which will show that Mr. Pettiford did not knowingly and intelligently waive his rights include his lack of familiarity with his rights, and the intimidating conditions surrounding his seizure and subsequent questioning by police officers.

8. The statements allegedly made by Mr. Pettiford should also be suppressed because they were made involuntarily. The burden is on the government to demonstrate that any statements were voluntarily made by the defendant. Lego v. Twomey, 404 U.S. 477 (1972). The court must consider the totality of the circumstances surrounding a confession to determine voluntariness. Clewis v. Texas, 386 U.S. 707 (1967). The confession is not admissible unless is "the product of an essentially free and unconstrained choice by its maker." Columbe v. Connecticut, 367 U.S. 568, 602 (1961) (plurality opinion), approved in Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973). The circumstances here that will demonstrate that the government will not be able to carry its burden include the timing and location of the questioning.

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that the evidence and statements be suppressed. A hearing on this motion is respectfully requested.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th Street, N.W.
Washington, DC  20001
Phone (202) 408-2041