## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-162 (CKK)** |
| | : | |
| **FRANKLIN H. PETTIFORD** | : | |
| | : | |
| **Defendant.** | : | |

_____

## GOVERNMENT'S *IN LIMINE* MOTION REGARDING RULE 404(B) EVIDENCE AND RULE 609 ADMISSIBILITY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its In Limine Motion Regarding Rule 404(b) Evidence and Rule 609 Admissibility.  In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

## I. **Factual Background**

### A. Facts of the Case at Bar

On May 15, 2006, while conducting surveillance, law enforcement officers observed what appeared to be a drug transaction involving the defendant, Franklin H. Pettiford and another individual.  A marked Metropolitan Police Department ("MPD") vehicle was dispatched to search for the 2003 Silver Ford Expedition bearing Virginia license plates that the defendant was driving.  Soon thereafter, the MPD vehicle saw the Expedition in the vicinity of the 4100 block of Livingston Road, S.E., near its intersection with Atlantic Street, S.E., Washington D.C.  The officers then asked the dispatcher to run a registration check on the defendant's license plates.  That check revealed that, contrary to the stickers on the license plate, the registration had expired

on April 30, 2006. The officers then conducted a traffic stop of the defendant's vehicle in the 200 block of Atlantic Street, S.E., Washington D.C. The officers verified with the dispatcher that the defendant's license plates had expired on April 30, 2006. The defendant was asked to step out of the vehicle and placed under arrest for operating an unregistered automobile.

The officers then conducted a search of the Expedition incident to the defendant's arrest. A number of ziplock bags containing a white rocklike substance that field tested positive for cocaine were recovered from the passenger compartment of the vehicle. A digital scale was also recovered from the vehicle. The defendant was then charged with possession with intent to distribute crack cocaine and transported to the Seventh District for processing.

B.  April 27, 2006 Arrest of Defendant Pettiford

On April 27, 2006, the defendant was arrested for possession with intent to distribute crack cocaine. Law enforcement officers in an observation post in the 4600 block of Livingston Road, S.E., Washington D.C. saw the defendant engaged in what they believe was an illegal narcotics transaction. [1] First, they saw an unidentified male give the defendant money. The defendant, followed by the unidentified male, then walked to the parking lot of a public school. There the defendant reached into the groin area of his pants and tossed a small object on the ground in front of the unknown male. The unknown male picked up the object and left. Shortly thereafter, the officers saw the defendant approach a blue Mercedes. He opened the front passenger door of the car and reached in. He then bent over into the car, closed the door and walked over to a bush and placed an object into a grassy area.

---

[1]    This location is within a few blocks of where the drug transaction involving the defendant took place and the location where the defendant was arrested.

The officers in the observation post called for other officers to stop the defendant. After he was stopped and detained, the defendant was positively identified by the officers in the observation post. The Mercedes was searched. $221 in United States currency and 48 blue ziplock bags containing a white rocklike substance that field tested positive for cocaine were recovered from the center console of the car. The Mercedes was registered in the defendant's name.

    C.  <u>Prior Conviction of Defendant Pettiford</u>

On November 27, 1989, Luther Garvin was shot and killed. The defendant was arested for this murder and after waiving his rights, admitted to being present at the murder scene and firing a gun into the air over the head of Mr. Garvin. <u>Pettiford v. United States</u>, 700 A.2d 207, 208 (D.C. 1997). The defendant also admitted that he received a car as payment for his participation in the murder. <u>Id</u>. The defendant ultimately pled guilty "to an information charging him with second degree murder while armed . . . and to carrying a pistol without a license in connection with the murder of Garvin." <u>Id</u>.

As part of his plea agreement, the defendant participated in "debriefing sessions" with the government. During one of these sessions, the June 30, 1989 murder of Angela Jones was discussed. <u>Id</u>. The defendant admitted that he and his co-defendant, Jerry Rose, "had gone to Angela Jones' house the day before the murder and had returned the next day to accomplish their objective of killing her." <u>Id</u> at 213. The defendant admitted that he went to the murder scene to cover Rose's back, that he had a gun, and that he knew the purpose of the trip was to kill Jones. <u>Id</u>. at 211. The defendant "claimed that he had not fired his gun." <u>Id</u>. at 208. He claimed that Rose "actually committed the murder." <u>Id</u>. As a result, the defendant "entered into a superseding

plea agreement that covered both the Jones and the Garvin murders." Id. This plea agreement provided that the defendant would "plead guilty to first degree murder while armed in connection with the Angela Jones murder, and his pleas with respect to the Luther Garvin killing would remain the same as before (i.e., second-degree murder while armed and carrying a pistol without a license). Id.

At sentencing, the defendant indicated that he wanted to withdraw his guilty plea and that he wanted a new attorney. This request was denied. Id. at 209. The defendant was sentenced "to twenty years to life imprisonment on the charge of first degree murder in connection with the Angela Jones murder, seven to twenty-one years imprisonment on the charge of second-degree murder in connection with the Garvin murder, to be served consecutively, and one year imprisonment for the charge of carrying a pistol without a license, to be served concurrently with the second-degree murder charge." On appeal, the defendant's first degree murder conviction in the Angela Jones murder was reversed. The Court found "that the trial court abused its discretion in refusing to permit the withdrawal of the plea to first-degree murder. Id. According to his parole officer, the defendant was released from prison on December 3, 2004.

* * *

The government now seeks, pursuant to Federal Rule of Evidence ("FRE") 404(b), permission to introduce evidence of the facts underlying defendant Pettiford's April 27, 2006 arrest. The government also seeks permission to impeach defendant Pettiford, should he choose to testify, with 1) his second degree murder conviction and 2) his conviction for carrying a pistol without a license, pursuant to FRE 609.

4

II.    **Rule 404(b) Permits the Introduction of the Facts Underlying Defendant's Prior Arrest and Conviction**

A.  Standard for Introduction of 404(b) Evidence

At trial in this case, the Government will seek, pursuant to Federal Rule of Evidence 404(b), to introduce evidence of the facts underlying the defendant's prior drug arrest.  This evidence will **not** be offered improperly to prove the character of defendant, but rather to prove the defendant's intent, knowledge, and plan in possessing drugs, to show the lack of an accident or mistake, and to show defendant's identity in possessing the drugs in the case at bar.

Federal Rule of Evidence 404(b) is "'a specialized rule of relevancy.'"  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984) (quoting 2 J. Weinstein & M. Berger, Weinstein's Evidence 404-49).  Evidence of other crimes, or wrong acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose.  Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident.  United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990).  Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts: such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b); see also United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) ("As this court has stated previously, '[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect in character is more likely than men generally to have committed the act in question.'") (quoting  Moore, 732 F.2d at 987 n.30); United States v. Rogers, 918 F.2d 207, 209 (D.C. Cir. 1990). "Other crimes" evidence is thus admissible under

Rule 404(b) as long as it is relevant in any way other than by using the prohibited inference of bad conduct from bad character. See, e.g., Miller, 895 F.2d at 1436 ("[U]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.") (emphasis deleted).

In determining admissibility of 404(b) evidence, courts undertake a two part analysis. Initially, the Court considers whether the evidence is relevant pursuant to the standard set forth in Rule 404(b). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Miller, 895 F.2d at 1436.[2] If the Court deems the evidence to be relevant, the Court then must determine whether the prejudicial impact of the testimony substantially outweighs its probative value. See Fed. R. Evid. 403; Moore, 732 F.2d at 987.[3] In close cases, the rule tilts toward the admission of the prior misconduct evidence. Id. at 989; United States v. James Johnson, 802 F.2d 1459, 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)).

---

[2] In the context of 404(b), similar act evidence may be admissible if the jury can reasonably conclude that the act occurred and that the defendant was the actor. A preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a). Huddleston v. United States, 485 U.S. 681 (1988).

[3] Nearly all evidence offered by the government in a criminal proceeding will be arguably prejudicial to the defendant. However, it is only when the prejudicial effect of the evidence is unfair and substantially outweighs the probative value of the evidence that the evidence should be excluded. Moore, 732 F.2d at 989. In making this determination, the trial court is granted wide latitude and its decision will be reviewed only for "grave abuse." United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir 1992), cert. denied, 507 U.S. 922 (1993).

6

In <u>United States v. Cassell</u>, 292 F.3d 788 (D.C. Cir. 2002), the Court reaffirmed in an <u>en</u> <u>banc</u> decision the position that Rule 404(b) is a rule of inclusion rather than of exclusion. <u>See id</u>. at 792, <u>quoting</u>, <u>United States v. Bowie</u>, 232 F.3d 923, 929 (D.C. Cir. 2000). In <u>United States v. Crowder</u>, 141 F.3d 1202 (D.C. Cir. 1998) (<u>en banc</u>), the Court stated: "We have recognized before that although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance -- for the purpose of proving that a person's actions conformed to his character." <u>Id.</u> at 1206 (internal quotations and citation omitted).

B. <u>Standard for Balancing Under Rule 403</u>

After this Court determines that evidence "is relevant to a material issue other than character," thus satisfying the Rule 404(b) inquiry, it must proceed to determine whether the probative value of the evidence is nevertheless "substantially outweighed" by the danger of unfair prejudice, in violation of Rule 403. <u>Cassell</u>, 292 F.3d at 795; <u>United States v. Mitchell</u>, 49 F.3d 769, 775 (D.C. Cir. 1995). As its language reflects, however, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. <u>Moore</u>, 732 F.2d at 989; <u>see also</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 688-689 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."); <u>United States v. Manner</u>, 887 F.2d 317, 322 (D.C. Cir. 1989). The Court of Appeals has consistently reiterated that evidence must be excluded under Rule 403 only if its probative value is **substantially outweighed** by the danger of unfair prejudice. <u>See</u>, <u>e.g.</u>, <u>Clarke</u>, 24 F.3d at 266; <u>Moore</u>, 732 F.2d at 989.

7

C.  Admissibility of 404(b) Evidence in This Case

1.  The Narcotics Evidence

In this case, the Government must prove that the defendant possessed the narcotics

"knowingly and intentionally.  This means consciously, voluntarily and on purpose, not

mistakenly, accidently or inadvertently."  See Red Book  at No. 4.29.  The prior arrest for PWID

is relevant and probative of several central issues: (1) that defendant possessed the narcotics in

the case at bar willfully and intentionally, not by accident or inadverence; and (2) that it was the

defendant, rather than someone else, who placed the various narcotics in his vehicle.

Numerous cases establish that evidence of prior or subsequent possession or distribution

of narcotics is admissible as 404(b) evidence.  United States v. Green, 40 F.3d 1167, 1174 (11th

Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a

material issue in the case and warranted admission of prior arrest for possession of cocaine); see

Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish

intent regarding their possession of large amounts of cocaine on dates charged in the indictment).

As the Court recognized in Moore, 732 F.2d at 991, "the intent with which a person commits an

act on a given occasion can many times be best proven by testimony or evidence of his acts over

a period of time thereto . . . "  See also Washington, 969 F.2d at 1080-1081 (when defendant was

charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his

prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of

mistake).[4]

---

[4]    See also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of
defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute
drugs to show intent, preparation, plan and knowledge);  United States v. Michael Johnson, et al.,

In Crowder, the police had seen the defendant engaged in a narcotics sale in the 1300 block of Newton Street, N.W., Washington, D.C.  When they called him over to their car, he fled, throwing a bag containing multiple ziplocks of crack and packets of heroin. The defendant was indicted on charges of PWID crack and heroin. At trial, the defendant offered to enter into stipulations concerning knowledge and intent, but the Government declined the stipulation and the trial court admitted 404(b) evidence that seven months after that arrest, Crowder sold crack to an undercover officer in the same block. The defendant was convicted and appealed the admission of evidence of the other sale.  This facts here are similar to those in Crowder. Defendant Pettiford's arrest for PWID in this case and his April 27, 2006 PWID arrest both occurred in the vicinity of Livingston Road, S.E., Washington D.C.

After an earlier en banc opinion, reported at 87 F.3d 1405 (D.C. Cir. 1996), in which the Court of Appeals held that the defendant's offer to stipulate removed the relevance of the 404(b) evidence and thus the trial court had erred in admitting the other crime evidence, the Government petitioned for certiorari.  In United States v. Crowder, 519 U.S. 1087, 117 S. Ct. 760 (1997), the Supreme Court granted certiorari and vacated the original Crowder decision, in light of Old Chief v. United States, 519 U.S. 172 (1997).  Upon remand, the Court of Appeals, again en banc,

---

40 F.3d 436 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess);  United States v. Brown, 16 F.3d 423 (D.C. Cir. 1994) (evidence of subsequent possession of gun and beeper admissible to prove prior intent to distribute), cert. denied, 115 S. Ct. 257 (1994);  United States v. Watson, 894 F.2d 1345, 1348-1349 (D.C. Cir. 1990) (admitting subsequent drug negotiation as probative of defendant's intent and knowledge);  United States v. Manner, 887 F.2d 317, 321 (D.C. Cir. 1989) (admitting evidence of cocaine sale that occurred ten weeks after the offense for which defendant was charged), cert. denied, 493 U.S. 1062 (1990); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic).

reversed its earlier holding and affirmed the conviction, holding that the Government was not required to agree to proceed by stipulation, and that the other crime evidence was properly admitted by the trial court. United States v. Crowder, 141 F.3d 1202 (D.C. Cir. 1998).

The Court noted that the evidence of the later distribution was relevant to prove several elements of the crime of unlawful possession with intent to distribute:

> Rule 404(b) evidence will often have multiple utility, showing at once intent, knowledge, motive, preparation, and the like.  Proof of an individual's intent to commit an act may itself serve as proof that the individual committed the act, as the Supreme Court recognized more than a century ago.  In proving that a defendant intended to distribute crack cocaine, for instance, the government might simultaneously be showing the defendant's motive to possess the crack, which Rule 404(b) permits.  Intent would thereby serve as an intermediate fact from which the jury could infer another intermediate fact -- motive -- from which it could in turn infer the element of possession. Thus, other-offense evidence of intent would have probative value not just on the intent element, but also on the possession element.

Id. at 1208 (citation omitted).  Thus, in Crowder, one of several proper bases for the admission of the other crime was to show the defendant's knowledge of the substance within his possession. The Court held that the evidence also made it more probable that Crowder intended to distribute the crack in the bag he had, and that he knew it was crack, just as he knew that the material he sold to the officer later was crack. Id. at 1209.

In this case, therefore, the probative force of the evidence concerning the defendant's earlier crimes is beyond question.

D.    Rule 403 Balancing

In contrast to this significant probative value, the danger of unfair prejudice is not enough to exclude the evidence.  The en banc Court in Crowder acknowledged that the prejudice of a jury viewing 404(b) evidence as propensity evidence "will be present in every Rule 404(b) case."

Id. at 1210. Nevertheless, the Court stressed, "that alone cannot give rise to a per se rule of exclusion." Id. Notably, the danger that this Court must weigh is not the danger that the other crimes evidence will weaken the defendant's defense, but rather the danger that the jury will misuse the evidence by inferring that, merely because the defendant engaged in these prior bad acts, he is more likely to have engaged in the charged offenses. Mitchell, 49 F.3d at 777. The law in our Circuit is clear that in balancing the probative nature and prejudice of other crimes, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (citation omitted). Here, the probative value of the evidence -- on all of the issues set forth above -- is not substantially outweighed by the prejudice.

## III.    The Government Should Be Permitted to Impeach Defendant with his Prior Conviction

In the event defendant testifies at trial, the government should be permitted to impeach him with his prior conviction. Federal Rule of Evidence 609(a) allows for the introduction of felony convictions to attack the credibility of the defendant in a criminal case, subject to the requirements of Federal Rule of Evidence 403 (requiring balancing of probative value and prejudicial effect of evidence). The rule specifically provides that any conviction of a crime for which the punishment exceeds one year "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The defendant received a sentence of seven to twenty-one years imprisonment on the charge of second-degree murder in connection with the Garvin murder, and

one year imprisonment for the charge of carrying a pistol without a license, to be served

concurrently.

Rule 609 further imposes a time limit on the use of prior convictions for impeachment

purposes.

> Evidence of a conviction under this rule is not admissible if a period of more than
> ten years has elapsed since the date of the conviction or of the release of the
> witness from the confinement imposed for that conviction, *whichever is the later
> date*, unless the court determines, in the interests of justice, that the probative
> value of the conviction supported by specific acts and circumstances substantially
> outweighs its prejudicial effect.

Fed. R. Evid. 609(b) (emphasis added).  While the defendant was convicted of second-

degree murder on September 4, 1990, he was released from prison on December 3, 2004.

Our Court of Appeals has held that "the district court has discretion to determine when to

inquire into the facts and circumstances underlying a prior conviction and how extensive an

inquiry to conduct" when balancing under Rule 609.  United States v. Lipscomb, 702 F.2d 1049,

1068 (D.C. Cir. 1983); see also United States v. Brown, 603 F.2d 1022, 1028 (1st Cir. 1979)

(requirements of Rule 609(b) balancing met "even though specific facts and circumstances were

not itemized for the record").

The very specific limits of Rule 609 suggest a broad standard of admissibility of

convictions that do not run afoul of those limits.  Congress carefully limited the use of prior

convictions to those involving only felony offenses and misdemeanors involving moral turpitude.

Congress also imposed the time limit discussed above on the use of prior convictions.  The

implication of those strict limits is that convictions for which the potential prison sentence is

greater than one year and that fall within the time limits do bear upon credibility and are

12

admissible for impeachment purposes.  The exclusion of dated convictions, convictions in which

the defendant was released from confinement more than ten years prior and those misdemeanor

convictions that do not involve moral turpitude consequently supports the admissibility of

convictions that fall within the confines of the rule.

      The defendant's prior conviction bears directly upon his credibility.  The effect of prior

convictions upon a juror's evaluation of witness testimony is well documented.  The serious

nature of the defendant's prior offense may be considered by the jury as indicative of his lack of

veracity.  A conviction for second-degree murder is probative of a defendant's respect for the law

and is directly relevant to an examination of his credibility. Courts routinely admit evidence of

such prior convictions, even when weapons and narcotics offenses are the subject of the case in

which the prior convictions are admitted.  See e.g. United States v. Smith, 49 F.3d 475, 478 (8th

Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility

in case charging defendant with being a felon in possession of a firearm); United States v. Burch,

156 F.3d 1315, 1323-1324 (D.C. Cir. 1998); Guzman v. Kelly, 1996 WL 722005 at * 1

(W.D.N.Y. Dec. 11, 1996) (impeachment using prior murder conviction permitted under FRE

609 and jury entitled to draw reasonable inferences concerning plaintiff's credibility based upon

evidence of such convictions); and Wilson v. City of Chicago, 6 F.3d 1233, 1236-1237 (7th Cir.

1993) (same); but see Jolly v. Trioisi, 2000 WL 620304at * 2 (S.D.N.Y. May 11, 2000).

      The jury will, of course, be instructed as to the limited use to which it can put evidence of

a prior conviction.  This will significantly lessen any prejudicial effect of admission of evidence

of defendant's prior criminal record.  This Court, accordingly, should allow the use of the prior

conviction to impeach the defendant.

WHEREFORE, the government respectfully requests that the Court permit the introduction of the requested 404(b) evidence in the government's case-in-chief, as well as permitting the government to impeach defendant with his conviction should he testify.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____

ARVIND K. LAL
Assistant United States Attorney
Bar Number 389489
Organized Crime and Narcotics Section
Room 4217
Washington, DC 20530
(202) 353-8833

## CERTIFICATE OF SERVICE

I HEREBY Certify that a copy of the foregoing motion was served by ECF upon counsel for the defendant, Joanne Slaight, this 13th day of July 2006.

_____

Arvind K. Lal
Assistant United States Attorney

14