UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-162 (CKK) |
| : | |
| FRANKLIN H. PETTIFORD : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this memorandum in opposition to the defendant's Motion to Suppress Evidence and Statements. In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

### I. Factual Background

On May 15, 2006, while conducting surveillance, law enforcement officers observed what appeared to be a drug transaction involving the defendant, Franklin H. Pettiford and another individual. A marked Metropolitan Police Department ("MPD") vehicle was dispatched to search for the 2003 Silver Ford Expedition bearing Virginia license plates that the defendant was driving. Soon thereafter, the MPD vehicle saw the Expedition in the vicinity of the 4100 block of Livingston Road, S.E., near its intersection with Atlantic Street, S.E., Washington D.C. The officers then asked the dispatcher to run a registration check on the defendant's license plates. That check revealed that, contrary to the stickers on the license plate, the registration had expired on April 30, 2006. The officers then conducted a traffic stop of the defendant's vehicle in the 200 block of Atlantic Street, S.E., Washington D.C. The officers verified with the

dispatcher that the defendant's license plates had expired on April 30, 2006.  The defendant was asked to step out of the vehicle and placed under arrest for operating an unregistered automobile.

The officers then conducted a search of the Expedition incident to the defendant's arrest. A number of ziplock bags containing a white rocklike substance that field tested positive for cocaine were recovered from the passenger compartment of the vehicle.  A digital scale was also recovered from the vehicle.  The defendant was then charged with possession with intent to distribute crack cocaine and transported to the Seventh District for processing.

Once he was taken into custody, the defendant began acting erratically.  He made voluntary statements to officers that he wanted to die and that he wanted the police to kill him. After he was placed in the Seventh District cell block, the defendant attempted to cover up the video cameras inside the cell block.  He also tried to throw benches into the cell area.  A supervising officer determined that due to the defendant's state of mind and actions, he would not be advised of his rights or interviewed.

## II.  The Stop of the Defendant's Vehicle Was Lawful and His Arrest Was Valid

   A.  The Stop

Where a police officer has probable cause, or even reasonable articulable suspicion, to believe that a traffic violation has occurred, he is permitted to make a traffic stop, even if the traffic offense is a minor one.  United States v. Whren, 53 F.3d 371, 376 (D.C. Cir. 1995); United States v. Mitchell, 951 F.2d 1291, 1295 (D.C. Cir. 1991), cert. denied.  A traffic stop is reasonable as long as a reasonable officer in the same circumstances could have stopped the car for the suspected traffic violation.  Whren, 53 F.3d at 375-76 ("the 'could have' test provides a principled limitation on abuse

of power."); Mitchell, 951 F.2d at 1295 ("It is well settled that a court must look to objective circumstances in determining the legitimacy of police conduct under the Fourth Amendment, rather than an officer's state of mind."). Here, before the officers stopped the defendant's vehicle, they asked the dispatcher to run a registration check on the defendant's license plates. That check revealed that the registration had expired on April 30, 2006.

Under the D.C. Code, it is unlawful to operate a motor vehicle in the District of Columbia "if such motor vehicle . . . is not registered." D.C. Code Ann. § 50-1501.04(a)(1)(A); see also United States v. Booker, 2005 WL 3211424 at 4 (D.D.C. 2005). Therefore, there was probable cause to believe that a traffic violation had occurred and as a reasonable officer could have effected a traffic stop, the stop of the vehicle was valid and did not violate the defendant's constitutional rights. See United States v. Gorrell, 360 F.Supp.2d 48, 53 (D.D.C. 2004) (explaining that an officer "had probable cause to stop the defendant based on . . . the expired tags he was using.").

B. The Arrest

Section 50-1501.04 further states that the penalty for operating an unregistered vehicle in the District of Columbia is "a fine of not more than $300 or imprisonment of not more than 30 days, or both such fine and imprisonment." D.C. Code Ann. § 50-1501.04(b). After twice verifying with the dispatcher that the defendant's registration was expired, the officers possessed probable cause to arrest the defendant for operating an unregistered motor vehicle. See Hill v. United States, 512 A.2d 269, 274 (D.C. 1986) ("Clearly, therefore, an unregistered automobile does not reflect a minor traffic offense; it is among the motor vehicle offenses still subject to criminal, not merely administrative, adjudication."); see also D.C. CODE Ann. § 23-581(a)(1)(B) ("A law enforcement

officer may arrest, without a warrant having previously been issued therefor — a person whom he has probable cause to believe has committed or is committing an offense in his presence").

**III. The Search Incident to the Defendant's Arrest Was Valid**

As the defendant points out in his motion, "[w]arrantless arrests and searches are unreasonable under the Fourth Amendment unless they fall within one of a few, carefully delineated exceptions." Def.'s Mot. to Suppress at 2; Katz v. United States, 389 U.S. 347, 357 (1967); Matter of B.K.C., 413 A.2d 894, 902 (D.C. 1980). A search incident to a lawful custodial arrest has long been recognized as one of those few carefully delineated exceptions to the Fourth Amendment warrant requirement. "In the case of a lawful custodial arrest, a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." United States v. Robinson, 414 U.S. 218, 235 (1973). The Supreme Court expanded this exception in Belton to apply to the passenger compartment of an automobile. "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981).

Here, the defendant was lawfully placed under arrest for operating an unregistered motor vehicle. Under Belton, the officers could lawfully search the passenger compartment of his vehicle, which they did. They recovered a number of ziplock bags containing a white rocklike substance that field tested positive for cocaine and a digital scale from the vehicle. As a result of this lawful search, the defendant was then charged with possession with intent to distribute crack cocaine.

**IV. Statements Made By the Defendant**

In his motion, the defendant requests that "[t]he statements made by Mr. Pettiford should also be suppressed because they were elicited in violation of the requirements of Miranda, 384 U.S. at 436 (1966)." As noted above, a supervising officer determined that due to the defendant's state of mind and actions, he would not be advised of his rights or interviewed. The Government has no plan to use any of the defendant's statements during its case in chief.

**V. Conclusion**

For the above reasons, the Government respectfully requests that the defendant's Motion to Suppress Evidence and Statements be denied. Police officers had probable cause to believe that the defendant was operating an unregistered vehicle. As such, they were justified in stopping and arresting him. Once he was under arrest, the officers were further justified in searching the passenger compartment of his vehicle. The search revealed drugs and drug paraphernalia that led to the defendant being charged with possession with intent to distribute crack cocaine.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY

    _____
    ARVIND K. LAL
    Assistant United States Attorney
    Bar Number 389489
    Organized Crime and Narcotics Section
    555 4th Street, N.W.
    Room 10-848
    Washington, DC 20530
    (202) 353-8833

CERTIFICATE OF SERVICE

    I HEREBY Certify that a copy of the foregoing motion was served by fax upon counsel for the defendant, Christopher Davis, Esquire, on this 21st day of July, 2006

                                                _____
                                                ARVIND K. LAL
                                                Assistant United States Attorney