UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR: 06-162 (CKK) |
| | : | |
| FRANKLIN H. PETTIFORD | : | |
| | : | |
| Defendant. | : | |

_____

## DEFENDANT'S REPLY TO GOVERNMENT
## 404(b) AND 609 MOTION

_____The Defendant, by and through his attorney, Christopher M. Davis, hereby replies to the Government's Motion In Limine.

<u>Use of Prior Arrest Pursuant to Rule 404(b)</u>

This Circuit recently addressed a 404(b) issue involving weapons. *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004). In *Linares,* the defendant was driving a car in which Berry and Davis were passengers. According to Berry, Davis handed Linares a pistol. An argument occurred outside of a nightclub, leading Linares to fire several shots from the vehicle. He then sped off, ultimately crashing into another car. As the police approached the car, Linares threw the gun over a nearby fence.

At trial, an officer testified that he saw the shots being fired by the driver. After the crash, the same officer testified that he saw a gun in Linares hand and saw him throw the gun. Another officer also testified that he saw the driver of the car holding the gun and then throw it over a fence when ordered to drop the gun.

Finally, Berry, one of the passengers, testified that she was seated next to Linares and that he leaned across her and fired the gun out the window.

The government offered evidence pursuant to Rule 404(b), that four and one-half years earlier, Linares was arrested after an officer saw him drop a loaded gun onto the ground.

Linares testified that he never held the gun at any time, he never saw anyone fire shots, and did not even know there was a gun in the car.

This Court held that the evidence was inadmissible to prove knowledge, absence of mistake, or intent. In regard to knowledge, the Court noted, "Given the evidence in this case, we do not understand how Linares's previous possession of a pistol makes it any more likely that he knowingly possessed a gun this time. In fact, it is hard to see how Linares could possibly have possessed the gun unknowingly, i.e., without being aware that he possessed it or without realizing that the object in his hand was a gun. ... If the jury believed these eyewitnesses, then Linares possessed the gun knowingly; if it did not, then it should have acquitted based on the government's failure to prove possession rather than its failure to prove knowledge."

As in *Linares,* if the jury believes the testimony of the police officers, then the 404(b) evidence is not necessary. The officers will testify that Mr. Pettiford sold drugs to another individual and that when he was stopped moments later, a search of his vehicle resulted in the recovery of several ziplock bags said to contain crack cocaine, as well as a digital scale. The use of the prior drug arrest will do nothing more than to paint Pettiford as a drug dealer.

This case is distinguishable from *United States v. Cassell*, 292 F.3d 788 (D.C. Cir.

2002). In that case the defendant was charged with being a felon in possession after his uncle's home was searched and firearms were found in the defendant's bedroom. The use of 404(b) evidence was useful to show that the defendant's possession was knowing and that the uncle did not place the firearms in the bedroom. In this case, there is no evidence that anyone was with Pettiford when he made the alleged sale or when he was stopped and his vehicle searched. Unlike in *Cassell*, if the jury believes the testimony of the police, there can be no confusion as to the possessor of the drugs.

In *United States v. Crowder*, 141 F.3d 1202 (D.C. Cir. 1998), the defendant was charged with possession with intent to distribute the crack cocaine contained in a brown paper bag that the defendant was holding when he was arrested. Rule 404(b) evidence was admissible to show that Crowder knew the substance was crack cocaine (and not some other substance such as flour) and to prove that he knew that crack cocaine was in the bag. In this case, the government will introduce evidence that Pettiford made a drug sale just prior to his arrest and that a digital scale was recovered from his vehicle. Therefore, if the jury believes this testimony, there can be no confusion that he knew that the substance in the small ziplock bags contained an illegal substance and that it was intended for distribution.

Finally, defendant submits that the facts between this case and the prior arrest are so similar that he would be unduly prejudiced by the introduction of the 404(b) evidence.

Therefore, Defendant Pettiford respectfully submits that the Government's motion be denied.

Use of Prior Conviction to Impeach Pursuant to Rule 609

The government seeks to use a 1990 second degree murder conviction to impeach

-3-

Mr. Pettiford should he testify at trial. Defendant was released nearly two years ago.

Defendant submits that the probative value of the conviction far outweighs its prejudicial value and should not be admitted for any purpose whatsoever . The prior conviction occurred nearly 16 years ago and is a conviction for second degree murder, which in and of itself is highly prejudicial.[1]

Given that the current offense is for possession with intent to distribute, and there are no allegations of violence, coupled with the fact that the prior conviction is quite remote and is for a crime of violence, Defendant submits that this Honorable Court should deny the Government's motion.

### Conclusion

For the reasons cited herein, Defendant Pettiford respectfully moves this Honorable Court to deny the Government's Motion in Limine in its entirety.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582

Davis & Davis
The Lincoln Building
514 10th Street, NW - Ninth Floor
Washington, D.C. 20004
202-234-7300

---

[1] While defendant was released in 2004, he submits that since the actual conviction is so old, it should be treated as a remote conviction. *See United States v. Sloman*, 909 F. 2d 176, 181 (6th Cir. 1990) (stringent balancing test for remote convictions creates a presumption against admissibility); *United States v. Bensimon*, 172 F.3d 1121, 1125-26 (9th Cir. 1999) (emphasizing that remote convictions should rarely be admitted).

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy of the foregoing was served by ECF upon Arvind K. Lal, AUSA on this 8th day of August, 2006.


_____/s/_____
Christopher M. Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | CR: 06-162 (CKK) |
| : | |
| **FRANKLIN H. PETTIFORD** : | |
| : | |
| **Defendant.** : | |

_____

ORDER

Upon consideration of the Government's Motion in Limine regarding the use of Rule 404(b) evidence and Rule 609 admissibility, and the opposition thereto, it is on this _____ day of _____, 2006, hereby

ORDERED that the Motion is denied.

_____
COLLEEN KOLLAR-KOTELLY
U.S. DISTRICT JUDGE