**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-162 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANKLIN H. PETTIFORD** | : | |
| | : | Trial - November 27, 2006 |
| **Defendant.** | : | |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE INEXTRICABLY**
**INTERTWINED EVIDENCE OR, IN THE ALTERNATIVE,**
**EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully gives notice to the Court of its intention to present evidence

that is inextricably intertwined with the evidence regarding the charged offense.  In the alternative,

the government seeks to admit such evidence pursuant to Federal Rule of Evidence 404(b).  In

support of the admissibility of such evidence, the government relies on the following points and

authorities, and such other points and authorities as may be cited at a hearing on this matter.

1.  The Defendant is charged with one count of possession with intent to distribute 5 grams

or more of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  The

Defendant's case was brought to trial on September 26, 2006.  On October 2, 2006, when the jury

was unable to reach a verdict, the Court declared a mistrial.  This case is scheduled for a re-trial on

November 27, 2006.  On October 18, 2006, a status hearing was held in this case, where the Court

advised the government to notify the Court in writing whether the government anticipates any

change in the presentation of the evidence in the government's case in chief.

2.  Upon re-trial of the case, the government expects to call FBI Special Agent Cliff Swindell and / or other fact witnesses to testify regarding their observations of the Defendant's actions on May 15, 2006, prior to the Defendant's being stopped near the intersection of Atlantic Street and Livingston Road, S.E., Washington, D.C.  That is, the government intends to introduce evidence that the Defendant was observed driving to the parking lot of the Eastover Mall in Prince George's County, Maryland.  Once there, another individual who was already under surveillance approached the Defendant and engage the Defendant in what appeared to be a hand to hand narcotics transaction.  That individual then walked to another waiting vehicle and engaged in an apparent hand to hand transaction with the driver of that other vehicle.  Thereafter, Agent Swindell observed the Defendant drive into Washington, D.C., and Swindell advised Metropolitan Police officers to stop the Defendant and identify him.  The Defendant was stopped some minutes later, by Officers Chastanet and Brosey, near the intersection of Atlantic Street and Livingston Road, S.E.[1]

3.  Here, evidence of the Defendant's actions minutes before being stopped is admissible as inextricably intertwined with the charged offense.  In the alternative, such evidence is admissible pursuant to Federal Rule of Evidence 404(b).

---

[1]     The government further proposes one other significant change in the presentation of its case in the re-trial of this matter.  During the first trial, on September 28, 2006, the government presented evidence to the jury regarding events leading to the Defendant's arrest for Distribution of Cocaine on April 27, 2006.  This evidence was admitted pursuant to Federal Rule of Evidence 404(b).  The evidence of the Defendant's prior offense was presented to the jury in the form of a redacted transcript of the Defendant's guilty plea to that offense in the Superior Court of the District of Columbia.  Given that the government intends to call further fact witnesses in its case in chief regarding the events forming the basis of the charged offense in this case, at the re-trial, the government proposes to call a witness or witnesses to testify regarding evidence of the Defendant's April 27, 2006 offense.

4.  In United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000), the United States Court of Appeals for the District of Columbia Circuit addressed issues regarding evidence that is inextricably intertwined with the acts charged, as opposed to evidence that is admissible pursuant to Federal Rule of Evidence 404(b).  In that case, the Government introduced evidence that the appellant possessed counterfeit currency on May 16, 1997.  Id. at 925.  In addition, the government sought to introduce evidence that on an earlier occasion, April 17, 1997, the appellant possessed counterfeit bills bearing the same serial number as the currency recovered on May 16, 1997.  Id. at 926.  The indictment in the case charged the appellant with possessing counterfeit currency only on May 16, not on April 17.  Id.  The district court admitted the evidence of the April 17 incident, finding that "the evidence not barred by Rule 404(b) on the basis that it was 'inextricably intertwined' with [the appellant's] possession of counterfeit bills on May 16."  Id. at 927.  The district court concluded that since the serial numbers from both seizures matched, the April 17 evidence was "' in some sense really evidence of the same crime.'  The court also found that the April evidence had permissible non-propensity purposes under Rule 404(b), chiefly to establish [the appellant's] intent to defraud and his knowledge of the bills' inauthenticity but also to corroborate his confession . . ."  Id.

5.  In its discussion, the Court of Appeals noted that although it had characterized evidence as inextricably intertwined with the charged crime in four cases, it had not "defined 'inextricably intertwined' in the few Rule 404(b) cases in which [it] used those terms."  Id. at 928.  See United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992); United States v. Washington, 12 F.3d 1128, 1134-35 (D.C. Cir.), cert. denied, 513 U.S. 828 (1994); United States v. Badru, 97 F.3d 1471, 1473-75 (D.C. Cir. 1996); United States v. Gartmon, 146 F.3d 1015, 1020 (D.C. Cir. 1998).

Looking to other circuits, the Court found their definitions lacking. "Some are circular: inextricably intertwined evidence is intrinsic, and evidence is intrinsic if it is inextricably intertwined. Others are over-broad. The 'complete the story' definition of 'inextricably intertwined' threatens to override Rule 404(b)." Bowie, 232 F.3d at 928.

6. Ultimately, the Court held that, "[g]iven the charge, the April evidence was relevant . . . [b]ut it cannot be that all evidence tending to prove the crime is part of the crime." Id. at 929. However, the Court recognized that "at least in a narrow range of circumstances . . . evidence can be 'intrinsic to' the charged crime. Id. For example, evidence that the appellant put the counterfeit money in the place where police ultimately seized it would not be barred because that "act is the charged crime of possessing counterfeit currency." Id. See United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) ("The continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single offense."); see also Ball v. United States, 470 U.S. 856, 861 (1985) (receipt and continuous possession of a firearm is a single offense). Further, the Court opined that "some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." Id.

7. Unlike the uncharged facts in Bowie, which occurred almost a full month before the charged offense, here, the Defendant's actions in Prince George's County minutes before being stopped, should be considered inextricably intertwined with the charged offense. Specifically, the Defendant was observed in the same vehicle, engaging in an apparent narcotics transaction a short time before, and a short distance from where he was stopped. The Defendant's uncharged actions in Prince George's County were performed contemporaneously with his possession with intent to distribute crack cocaine, that is, the charged offense, and his actions facilitated the commission of

that offense.  The Defendant's uncharged actions can fairly be termed "inextricably intertwined" with the offense.

8.  Assuming arguendo, that the evidence is not inextricably intertwined with the charged offense, the government contends that the evidence is admissible pursuant to Rule 404(b).  The evidence will not be offered improperly to prove the character of the Defendant, but rather to prove the Defendant's intent, knowledge, and plan in possessing the crack cocaine with the intent to distribute it, to show the lack of accident or mistake, and to show the Defendant's identity in possessing the crack cocaine.

9.  Federal Rule of Evidence 404(b) is a "' specialized rule of relevancy.'" United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984) (quoting 2 J. Weinstein & M. Berger, Weinstein's Evidence 404-49).  Specifically, Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts:  such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b); see also United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) ("As this court has stated previously, '[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect in character is more likely than men generally to have committed the act in question.'") (quoting Moore, 732 F.2d at 987 n. 30); United States v. Rogers, 918 F.2d 207, 209 (D.C. Cir. 1990).  "Other crimes" evidence is thus admissible under Rule 404(b) as long as it is relevant in any way other than by using the prohibited inference of bad conduct from bad character.  See, e.g., United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990) (finding that "under Rule 404(b), any purpose for which

bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character") (emphasis deleted).

10.  In an en banc decision, the D.C. Circuit reaffirmed the position that Rule 404(b) is a rule of inclusion rather than of exclusion.  In United States v. Crowder, 141 F.3d 1202 (D.C. Cir. 1998) (en banc) cert. denied, 525 U.S. 1149 (1999), the Court stated:  "We have recognized before that although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character."  Id. at 1206 (internal quotations and citation omitted).

11.  After this Court determines that evidence "is relevant to a material issue other than character," thus satisfying the Rule 404(b) inquiry, it must proceed to determine whether the probative value of the evidence is nevertheless "substantially outweighed" by the danger of unfair prejudice, in violation of Rule 403.  United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir.), cert. denied, 516 U.S. 926 (1995).  As its language reflects, however, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore, 732 F.2d at 989, see also Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."); United States v. Manner, 887 F.2d 317, 322 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990).  The Court of Appeals has consistently reiterated that evidence must be excluded under Rule 403 only if its probative value is substantially outweighed by the danger of unfair prejudice.  See e.g., Clarke, 24 F.3d at 266; Moore, 732 F.2d at 989.

12.  In this case, the government must prove that the Defendant possessed the crack cocaine "knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently[,]" and that when he did so, the Defendant "had the specific intent to distribute it."  See Red Book at No. 4.29.  The evidence that the Defendant was seen in the same vehicle minutes before being stopped, engaged in what appeared to be a narcotics transaction, is relevant and probative of several central issues: (1) that the Defendant possessed the crack cocaine willfully and intentionally, not by accident or inadvertence; (2) that the Defendant knew about the crack cocaine that was recovered from the vehicle that he was driving; and (3) that it was the Defendant, rather than someone else, who possessed the cocaine.

13.  Numerous cases establish that evidence of prior or subsequent possession or distribution of narcotics is admissible as 404(b) evidence.  United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine); see Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment).  As the Court recognized in Moore, 732 F.2d at 991, "the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto . . . "  See also United States v. Washington, 969 F.2d 1073, 1080-1081 (D.C. Cir. 1992) cert. denied, 507 U.S. 922 (1993) (when defendant was charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug

Case 1:06-cr-00162-TFH    Document 37    FILED 11/06/2006    Page 8 of 9

trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent,

preparation, plan and knowledge); United States v. Michael Johnson, et al., 40 F.3d 436 (D.C. Cir.

1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United

States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale

due to similarity of drug sold, location of transaction, and to allow government to rebut defendant's

denial of involvement with narcotics traffic).  In this case, therefore, the probative force of the

evidence concerning the Defendant's actions shortly before being stopped is beyond question.

14.  As set forth above, there are a number of reasons why evidence of the Defendant's

actions prior to being stopped are probative in this case.  First, evidence of the Defendant's prior

actions makes it far less likely that the crack cocaine found in the vehicle that the Defendant was

driving was recovered by mistake or accident.  Second, as Crowder noted:

> A defendant's hands-on experience in the drug trade cannot alone
> prove that he possessed drugs on any given occasion.  But it can
> show that he knew how to get drugs, what they looked like, where to
> sell them and so forth.  Evidence of a defendant's experience in
> dealing drugs – evidence that is, of his "bad acts" – thus may be a
> "brick" in the "wall" of evidence needed to prove possession.

Crowder, 141 F.3d at 1209 n.5 (citation omitted).  If this reasoning is applied to this case, the

Defendant's actions prior to his being stopped help to show that the Defendant knew he had

narcotics and knew how the narcotics trade operates.

15.  In contrast to this significant probative value, the danger of unfair prejudice is not

enough to exclude the evidence.  The en banc Court in Crowder acknowledged that the prejudice of

a jury viewing 404(b) evidence as propensity evidence 'will be present in every Rule 404(b) case."

Crowder, id., at 1210.  Nevertheless, the Court stressed, "that alone cannot give rise to a per se rule

of exclusion." Id.  Notably, the danger that this Court must weigh is not the danger that the other

crimes evidence will weaken the Defendant's defense, but rather the danger that the jury will

misuse the evidence by inferring that, merely because the Defendant engaged in these prior bad

acts, he is more likely to have engaged in the charged offenses.  Mitchell, 49 F.2d at 777.  The law

in our Circuit is clear that in balancing the probative nature and prejudice of other crimes, "it is a

sound rule that the balance should generally be struck in favor of admission when the evidence

indicates a close relationship to the offense charged."  Harrison, 679 F.2d at 948 (citation omitted).

16.  Here, the probative value of the evidence – on all the issues set forth above – is not

substantially outweighed by the prejudice.

WHEREFORE, the government respectfully requests that the proposed evidence be

admitted at the re-trial of this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

BY:    _____

EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar Number 460233
Organized Crime and Narcotics Section
555 4th Street NW
Room 4122
Washington, DC 20530
(202) 514-6997
Fax: (202) 514-8707