UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

v.                            :   Crim. No. 06-162(CKK)

FRANKLIN H. PETTIFORD         :

DEFENDANT'S OPPOSITION TO GOVERNMENT'S USE OF EVIDENCE
ALLEGED TO BE INEXTRICABLY INTERTWINED OR, IN THE ALTERNATIVE,
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

Defendant, by and through counsel, opposes the government's use of evidence it claims to be inextricably intertwined evidence or, in the alternative, evidence pursuant to Rule 404(b). In support, defendant states the following.

Background Information

Mr. Pettiford is charged with one count of possession with intent to distribute 5 grams or more of cocaine base. Mr. Pettiford's first trial ended in a mistrial when the jury was unable to reach a unanimous verdict. The case is set for re-trial on November 27, 2006.[1]

In response to the Court's order that the government provide written notice of any anticipated change in the presentation of evidence, the government filed a

---

[1] There has been inquiry by the Court as to the status of plea negotiations. The Government has offered two options: (1) the defendant can plead guilty to a superceding information which would include the present charges as well as the facts of the Superior Court case stemming from the alleged April 27, 2006 distribution (which is now the subject of a pending motion to withdraw the guilty plea), or (2) the defendant can withdraw his motion to withdraw the guilty plea in the Superior Court case and go forward with sentencing in that case and plead guilty to the charges in this case.

notice of intent to introduce evidence of alleged observations made by FBI Special Agent Cliff Swindell and/or others. In particular, the government alleges that prior to defendant's arrest in this case, he was observed "driving to the parking lot of the Eastover Mall in Prince George's County, Maryland. Once there, another individual who was already under surveillance approached the Defendant and engage (sic) the Defendant in what appeared to be a hand to hand narcotics transaction. That individual then walked to another waiting vehicle and engaged in an apparent hand to hand transaction with the driver of that other vehicle." Gov't. Notice p. 2. The Government also provides that it intends to call "a witness or witnesses to testify regarding evidence of the Defendant's April 27, 2006 offense." Gov't. Notice p. 2 note 1.[2]

Evidence Is Not Inextricably Intertwined

The Government relies on our circuit's opinion in *United States v. Bowie*, 232 F.3d 923 (2000) to support its position that the evidence in inextricably intertwined with the charged offense. In that case, the Court wrote, "[I]f the evidence is of an act that is part of the charged offense, it is properly considered intrinsic. In addition, **some uncharged acts performed contemporaneously with the charged crime might be termed intrinsic if they facilitate the commission of the charged crime.** ... On the other hand, we are confident that there is no 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this Circuit. Such broad exclusions have no discernable grounding in

---

[2] This evidence was introduced at the first trial in the form of a redacted transcript of the Defendant's guilty plea in Superior Court. As indicated in note 1, Mr. Pettiford is now seeking to withdraw that plea.

the 'other crimes, wrongs, or acts' language of the rule. Rule 404(b), and particularly its notice requirement, should not be disregarded on such a flimsy basis." *Bowie*, 232 F.3d at 929 (emphasis added).

From this language, the Government argues that "Defendant's uncharged actions in Prince George's County were performed contemporaneously with his possession with intent to distribute crack cocaine, that is, the charged offense, and his actions facilitated the commission of that offense." Gov't. Notice p. 4-5. Thus, in an effort to make the facts of this case consistent with the language of *Bowie*, the Government argues the alleged distribution in Maryland somehow facilitated the possession with intent to distribute, which is the charged offense.

This simply is not logical. Certainly, it could be logically argued that prior acquisition of a controlled substance would facilitate the later distribution of that substance. In *United States v. Badru*, 97 F.3d 1471 (D.C. Cir. 1996), the Government introduced evidence of courier trips to Nigeria that coincided with occasions when the defendants indicated to the undercover agent they had new heroin to sell. The Court upheld the conspiracy convictions on the theory that the defendants had to obtain the heroin if they were going to distribute heroin. Therefore, the importation was a part of the conspiracy to distribute and clearly, the importation facilitated the distribution. But because prior possession (or acquisition) of a controlled substance can be said to facilitate the later distribution of that substance does not mean that the converse is equally true. The earlier

3

distribution of a substance in no way facilitates the later possession of another substance.[3]

The government's reliance on *United States v. Towne*, 870 F.2d 880 (2d Cir. 1989) and *Ball v. United States*, 470 U.S. 856 (1985) is equally misplaced. In *Towne* the court held that continuous possession of the same gun over a few days did not constitute separate offenses – rather it was a single offense of possession. But, here, distribution of a substance and later possession of a substance, clearly are not a single offense. Rather, such conduct results in two separate offenses, one for distribution and one for possession with intent to distribute. Likewise, in *Ball*, the Supreme Court opined, "Congress seems clearly to have recognized that a felon who receives a firearm must also possess it, and thus had no intention of subjecting that person to two convictions for the same criminal act." *Ball v. United States*, 470 U.S. at 862. Therefore, the defendant could not be sentenced to consecutive terms of imprisonment for the two offenses. Certainly, the government in this case cannot be arguing that distribution and possession with intent to distribute constitute a single course of conduct. A defendant can be found guilty of possession with intent to distribute but not guilty of distribution. But one would be hard pressed to find that felon received a firearm but did not possess it.

In this case, clearly the prior alleged distribution did not in any facilitate the later alleged possession with intent to distribute. The prior act is not, therefore, inextricably intertwined with the charged offense.

---

[3] The later possession has to be of another substance because the substance that was earlier distributed is, of course, gone.

Evidence Is Not Admissible Pursuant to Rule 404(b)

The Government argues, in the alternative, that the alleged prior distribution is admissible pursuant to Rule 404(b). Defendant submits that it is it is not.

There is no evidence that what Agent Swindell saw was a drug transaction. No drugs were recovered from the alleged participants. No money was recovered for these alleged deals. No one was arrested in connection with these alleged transactions. There simply is no proof that what "appeared to be a hand to hand narcotics transaction" was, in fact, a narcotics transaction. Thus, the evidence is not relevant and is inadmissible pursuant to Rule 402.

Against this backdrop of a paucity of evidence is the fact that the government's suggested introduction of other crimes evidence is likely to take longer to present than its proof of the charged offense. In the first trial, the presentation of evidence took perhaps half a day. The remainder of the time was spent on jury selection, openings, closings, instructions to the jury, and the bomb scare. If the government is allowed to present witnesses for both the alleged May 15th distribution and the alleged April 27th distribution, the presentation of this "other crimes" evidence will take more time than presentation of the evidence of the charged offense. In fact, it may well take an additional one to two days to try this case because the government will be trying to prove three cases, rather than one. When presentation of non-charged conduct swallows up the evidence of the charged offense, the jury surely will be confused and the defendant prejudiced. The evidence is therefore inadmissible pursuant to Rule 403.

Conclusion

Defendant moves this Court to exclude all other crimes evidence, in particular, evidence relevant to both the April 27, 2006 and May 15, 2006 alleged distributions.

Respectfully submitted,

/s/
Christopher M. Davis #385583

Davis & Davis
The Lincoln Building
514 10th Street, NW – Ninth Floor
Washington, D.C. 20004
(202) 234-7300

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this opposition was served upon Edward A. O'Connell, AUSA, via the United States District Court's ECF System on this 10th day of November, 2006.

/s/
Christopher M. Davis