UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                          :

v.                                     :   Crim. No. 06-162 TFH

FRANKLIN PETTIFORD                     :

MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

Defendant Franklin Pettiford, by and through counsel, moves this Honorable Court, pursuant to Rule 33(b)(1), for a new trial. In support, Defendant states the following.

FACTS

On June 13, 2006, Mr. Pettiford was charged in a one count indictment with Possession with Intent to Distribute 5 Grams or More of Cocaine Base, pursuant to 21 USC § 841(a)(1) and 841(b)(1)(B)(iii). On October 2, 2006, the jury deadlocked and a hung jury was declared.

The case proceeded to trial for a second time on November 27, 2006. At trial, and with the consent of the defense, the government introduced into evidence a transcript of Mr. Pettiford's guilty plea in Superior Court Case Number F008353. In that case, Pettiford was charged with possession with intent to distribute cocaine on April 27, 2006 and the evidence was admitted at trial pursuant to Rule 404(b). At the time the plea transcript was entered into evidence, there was a pending motion to withdraw the plea.

Mr. Pettiford was found guilty on November 29, 2006. His motion to withdraw his guilty plea in Superior Court was granted on January 29, 2007 after Judge Johnson determined that the plea was not voluntary.

Mr. Pettiford now seeks a new trial based on newly discovered evidence.

ARGUMENT

A court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty." Rule 33(b)(1).

A court should grant a motion for new trial if the following five conditions are met: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied upon must not be merely impeaching or cumulative; (4) the evidence must be material to the issues involved; and (5) the evidence must be of such a nature that a new trial would probably produce an acquittal. *Thompson v. United States*, 188 F.2d 652, 653 (D.C. Cir. 1951).

In this case, although the Superior Court plea was involuntary at the time it was entered, it was not ruled involuntary until after the jury returned a verdict. Therefore, the evidence was discovered since the trial. Second, until there was an actual ruling on the motion, the defense could not have obtained the evidence, that is, that the plea was involuntary and therefore inadmissible. Third, the guilty plea was offered as proof of intent and knowledge pursuant to Rule 404(b). Thus, it was not merely impeaching or cumulative. Fourth, the government used the plea as 404(b) evidence. The fact that the

evidence turned out to be inadmissible is certainly material to the issues involved in this case. Fifth, absent the transcript of Mr. Pettiford's guilty plea, he would likely have been acquitted.

As a corollary to factor one, our circuit has held that in order to justify a new trial, the "newly discovered evidence must have been in existence at the time of trial." *United States v. Lafayette*, 983 F.2d 1102, 1105 (D.C. Cir. 1993). In that case, the court held that evidence that a police officer began to use drugs ten months after the defendant's trial, was not "newly discovered" evidence. Similarly, in *United States v. Hall*, 324 F.3d 720 (D.C. Cir. 2003), it was held that trial counsel's failure to timely file a motion for new trail was not newly discovered evidence of ineffective assistance of counsel because the conduct complained of did not occur until after the jury's verdict.

In this case, the plea was either voluntary or not voluntary at the time it was entered and the plea was entered before Mr. Pettiford went to trial. But it was not until the motion to withdraw the plea was actually granted or denied was the nature of the plea discoverable. Therefore, the evidence clearly is newly discovered.

Because Mr. Pettiford's guilty plea was inadmissible as evidence against him in this case, he is entitled to a new trial.

WHEREFORE, Mr. Pettiford respectfully moves this Honorable Court to grant his motion herein.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Davis & Davis
514 10th Street, NW – Ninth Floor
Washington, D.C. 20004
(202) 234-7300

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion was served via the Court's ECF System upon Edward O'Connell, AUSA on this 15th day of February, 2007.

/s/
Christopher M. Davis