UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-06-162 (TFH) |
| | : | |
| v. | : | SENTENCING: FEBRUARY 27, 2007 |
| | : | |
| FRANKLIN PETTIFORD, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Opposition to Defendant's Motion For A New Trial Based On Newly Discovered Evidence. In support of its Opposition, the Government relies upon the following points and authorities, and any others pointed out at a hearing upon the defendant's motion.

I.  **Factual Background**

On Monday, May 15, 2006, at about 2:25 p.m., the defendant was the driver and sole occupant of an SUV that was stopped in the 200 block of Atlantic Street SE, in Washington, DC. Officers stopped the defendant's vehicle because he was operating it with an expired Virginia registration. The defendant was placed under arrest for operating without a registration. A search of the vehicle's center console incident to the defendant's arrest revealed a plastic bag containing what was confirmed by DEA analysis to be 18.8 grams of crack cocaine. Also recovered in the same console was a digital scale.

The defendant was charged with Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). In late September 2006, the

defendant was tried before the Honorable Colleen Kollar-Kotelly. That trial ended in a mistrial when the jury deadlocked on October 2, 2006.

In the first trial of this case, the Government presented evidence to the jury regarding events leading to the defendant's arrest for a separate instance of Distribution of Cocaine, committed on April 27, 2006. That evidence was admitted pursuant to Federal Rule of Evidence 404(b). The evidence of the defendant's prior offense was presented to the jury in the form of a redacted transcript of the defendant's guilty plea to that offense in the Superior Court of the District of Columbia. At the time of the first trial of this case, the defendant was pending sentencing in the Superior Court case.

Following the deadlocked jury in the first trial of this case, the defendant filed a motion in Superior Court to withdraw that guilty plea. When this case came before this Court for re-trial, the defendant's motion to withdraw the plea was still pending in Superior Court.

Having given notice that the Government intended to present the 404(b) evidence at the re-trial, discussions were conducted regarding the manner in which the Government would re-present the 404(b) evidence. The Court was informed of the posture of the defendant's pending motion to withdraw his guilty plea in Superior Court. During those discussions, the defendant concurred that, despite the fact that he had moved to withdraw his Superior Court plea, the transcript of that plea remained the least prejudicial means to present the 404(b) evidence to the jury. The other option would have been to have the evidence presented to th jury through the live testimony of the officers who arrested the defendant on April 27, 2006.

At the re-trial of this case, the 404(b) evidence was presented to the jury through the admission of the redacted transcript of the defendant's plea in Superior Court. On November 29,

2006, the jury found the defendant guilty of the charged offense. Thereafter, on January 29, 2007, Judge John Ramsey Johnson of D.C. Superior Court granted the defendant's motion to withdraw his guilty plea in that case.

## II.     Argument

The defendant now argues that Judge Johnson's order granting his motion to withdraw his guilty plea constitutes newly discovered evidence warranting a new trial in this case. The defendant's argument fails and the defendant's motion should be denied.

In order to prevail on a motion for a new trial, the defendant bears a heavy burden. The Court, in deciding the motion for new trial, follows the standard set forth in Thompson v. United States, 188 F.2d 652 (D.C. Cir.1951), That is, the Court should grant a new trial only when the following five conditions are met: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. See United States v. Lafayette, 983 F. 2d 1102, 1105 (D.C. Cir. 1993).

Here, the fact that the Superior Court granted the defendant's motion to withdraw his guilty plea does not constitute newly discovered evidence. The defendant seems to argue that since the Superior Court allowed the defendant to withdraw his guilty plea in that case, the evidentiary impact of the Government's 404(b) evidence was somehow diminished. The defendant's argument is incorrect and should be rejected.

Under Rule 404(b), evidence is admissible if a jury could conclude that the act occurred and that the defendant was the actor. Because the Government did not have to establish the Rule 404(b)

evidence beyond a reasonable doubt before it could be admitted, the Government was not precluded from using the evidence. See Dowling v. United States, 493 U.S. 342, 348-50 (1990) ("relevant and probative evidence that is otherwise admissible under the Rules of Evidence [is not rendered inadmissible] because it relates to alleged criminal conduct for which a defendant has been acquitted."). In Dowling, a bank robbery case, the district court admitted under Fed. R. Evid. 404(b) evidence that the defendant had previously committed a home burglary using a similar mask and firearm that he had used during the bank robbery, notwithstanding the defendant's acquittal on the charges related to that burglary. Id. at 344-345. The evidence was admitted as relevant to prove identity as well as an association between Dowling and a co-defendant, who had entered the burglary victim's home with Dowling, and who, under the Government's theory, had been seen in the bank-robbery getaway car. Id. at 345.

Likewise, here, the Government would not have been precluded from presenting the evidence of the defendant's April 27, 2006 arrest merely because the Superior Court judge allowed the defendant to withdraw his plea in that case. The fact that the defendant's withdrawal motion was granted does not constitute newly discovered evidence, nor does it lessen the evidentiary value of the 404(b) evidence.

Moreover, even assuming arguendo, that the Court were to consider the fact of the Superior Court's granting of the defendant's motion to withdraw his plea to be newly discovered evidence, it still would not be of such a nature that in a new trial it would probably produce an acquittal. The defendant fails to meet the five conditions spelled out in Thompson. Consequently, the defendant's claim fails.

Accordingly, the Government respectfully requests that the defendant's motion be DENIED.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

By:      /S/
        EDWARD A. O'CONNELL
        Assistant United States Attorney
        D.C. Bar No. 460-233
        Organized Crime and Narcotics Trafficking Section
        555 Fourth Street NW, Room 4122
        Washington, DC 20530
        (202) 514-6997