UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

    v.                                              :   Crim. No. 06-162(TFH)

FRANKLIN H. PETTIFORD              :

## MOTION FOR NEW TRIAL

Defendant Franklin Pettiford, by and through counsel, moves this Honorable Court, pursuant to Fed. R. Crim. P. 33, for a new trial based upon newly discovered evidence. In support he states the following.

## FACTUAL BACKGROUND

On May 11, 2006, Officer David Augustino with the Metropolitan Police Department stopped a 2003 Ford Expedition with Virginia tag number KAE 8758 because of a burned out headlight. Mr. Pettiford was identified as the driver. Officer Augustino checked the registration and determined that the vehicle was registered only through April 30, 2006. Despite this, he only issued a warning ticket concerning the headlight.

On May 15, 2006, Officer James Chastanet, with the Metropolitan Police Department, observed a 2003 Ford Expedition with expired Virginia tags numbered KAE 8758. The vehicle was stopped in the 200 block of Atlantic Street, S.E. Officer Chastanet approached the passenger side of the Expedition while his partner, Officer Bosley, approached the driver side. Bosley obtained the driver's license and registration and went back to the scout car to confirm that the registration was indeed expired. Upon confirming that it was expired, the driver, Mr. Pettiford, was arrested. While conducting a search incident to arrest,

the officers recovered a plastic bag with a white rock-like substance, a digital scale, plastic gloves, and four smaller ziplocks containing smaller, white rock-like substances. The white substance, later stipulated to be cocaine base, weighed 18.8 grams.

Over objection from the defendant, the government was allowed to introduce evidence of a prior arrest pursuant to Rule 404(b). Rather than calling live witnesses, the defendant agreed to have the transcript of his plea in Superior Court read to the jury. The jury was advised that on April 27, 2006, in the area of the 4600 block of Livingston Road, S.E., officers in an observation post observed a suspected drug sale by Mr. Pettiford. Mr. Pettiford was then seen going to a Mercedes automobile and reach into the front compartment. Mr. Pettiford was then seen placing something in a grassy area near where the car was parked. Mr. Pettiford was stopped and identified as the person suspected of having been engaged in a drug transaction. The vehicle was searched and in the center console the police recovered $221.00 and 48 blue ziplock bags containing cocaine. The jury was further told that when asked by the court if that is what happened, Mr. Pettiford said, "Yes, sir."

## PROCEDURAL BACKGROUND

### The Case Before This Court

Mr. Pettiford was indicted by a federal grand jury on June 13, 2006 and charged with one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and

2

§ 841(b)(1)(B)(iii). On July 14, 2006, the Government filed a Motion in Limine Regarding 404(b) Evidence and Rule 609 Admissibility. The defendant filed his opposition on August 8, 2006. The Honorable Kollar-Kotelly ruled the Rule 404(b) evidence admissible.

On September 19, 2006. Edward O'Connell, AUSA, entered his appearance for the United States in this case. Mr. Pettiford proceeded to trial on September 26, 2006. The case went to the jury on September 28, 2006. On October 2, 2006, the jury was unable to reach a unanimous verdict and was excused.

The case was re-assigned to this Court and trial commenced on November 27, 2006. Jury deliberations began and concluded on November 28, 2006. On November 29, 2006, a verdict of guilty was returned.

On February 15, 2007, a Motion for New Trial Based on Newly Discovered Evidence was filed. Mr. Pettiford argued that he was entitled to a new trial because the plea in the Superior Court case, which formed the basis for the 404(b) evidence, was withdrawn. The government filed its opposition on February 23, 2007. On February 27, 2007, the Court heard and denied the motion. Mr. Pettiford was then sentenced to 86 months incarceration, followed by four years of supervised release. A Notice of Appeal was filed on March 1, 2007.

On appeal. Mr. Pettiford argued that the 404(b) evidence was inadmissible and that he should have been granted a new trial. In regard to the motion for new trial, the Court wrote: "And we agree with the court that there is no reason to

3

suspect that, if there were a new trial, the live testimony would have less impact than the transcript had in the original trial." *United States v. Pettiford*, 517 F.3d. 584, 592 (D.C. Cir. 2008). Thus, the judgment of the district court was affirmed.

<u>The Case In Superior Court</u>

On July 17, 2006, Mr. Pettiford entered a plea of guilty to Attempted Possession With Intent to Distribute Cocaine in case number 2006-CF2-8353. On October 27, 2006, Andrew Ferguson, with the Public Defender Service, was appointed to represent Mr. Pettiford because he wanted to withdraw his guilty plea.

On January 19, 2007, a hearing was held on the motion to withdraw the plea. The United States was represented by Edward O'Connell, AUSA. The motion was granted on February 15, 2007. A June 18, 2007 trial date was set. The trial was continued to August 27, 2007.

On August 27, 2007, new government counsel Andrea Sharrin provided additional discovery to Mr. Ferguson. The discovery included photographs of the car searched by the officers. These photographs included a picture of a valid District of Columbia driver's license in the center console of the car. The license belonged to a man named Covey Cousin. Defense counsel claimed that the license was *Brady* material that should have been turned over prior to the second trial call. The remedy for the late disclosure was a continuance to October 17, 2007.

The trial was continued from October 17, 2007 to February 6, 2008, and again to March 19, 2008.

4

The case went to trial on March 19, 2008. On March 26, 2008, Mr. Pettiford was acquitted. Defense counsel spoke to the jurors following the verdict. It is defense counsel's belief, based on the conversations, that the photograph of the other man's driver's license was "central to the acquittal." *See* attached "Affidavit of Andrew G. Ferguson, Esq."

Reason For Motion For New Trial

The *Brady* material from the Superior Court case was never disclosed to counsel in this case at the time of the first trial (9/26/06), the second trial (11/27/06), in the government' response to the defendant's motion for a new trial (filed on 2/23/07), at the time of the hearing on the motion for new trial (2/27/07), nor at any time prior to filing the notice of appeal (3/1/07). Defense counsel was not made aware of the *Brady* material until advised by Mr. Pettiford in early September 2007 that the disclosure had been made in the Superior Court case.

## ARGUMENT

I.   DEFENDANT IS ENTITLED TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

A court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty." Rule 33(b)(1).

A court should grant a motion for new trial if the following five conditions are met: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied upon must not be merely

5

impeaching or cumulative; (4) the evidence must be material to the issues involved; and (5) the evidence must be of such a nature that a new trial would probably produce an acquittal. *Thompson v. United States*, 188 F.2d 652, 653 (D.C. Cir. 1951). Mr. Pettiford discusses each of these factors in turn.

1. Evidence Must Be Newly Discovered

As addressed above, the evidence was never disclosed to the defense in this case. Rather, it was disclosed to Mr. Pettiford's counsel in the Superior Court case when this case was on appeal. Thus, the evidence is newly discovered.

2. The Defense Sought All Discovery

On June 22, 2006, Arvind Lal sent a letter to Joanne Slaight providing preliminary discovery in this case. In that letter, it was stated that facts underlying the Superior Court case would be introduced under Rule 404(b). The letter provided that documents relating to that arrest would be provided under separate cover. The letter further provided that there was no known *Brady* information and if any information becomes available, counsel would be notified "as soon as possible as required by *Brady v. Maryland*."

The United States later provided copies of the following documents: a copy of the indictment, D.C. Pretrial Services Report, Criminal Complaint, the PD 163, Observation Post Report, the handwritten narrative, DEA-7, Evidence form listing as evidence "plastic bag containing 48 tinted blue zips which contained white rocks," Property Record for 48 ziplocks containing white rocks which were recovered from "vehicle center console," Property Record for 1 skull cap recovered from defendant's person, Property Record for currency recovered from

6

"center console" and defendant's person, a copy of the Property Envelope containing $221.00 in U.S. currency, a copy of the Property Envelope containing $52.00 in U.S. currency, Property Record for 2002 Mercedes and car keys, Property Record for vehicle registration and title recovered from the glove compartment, a copy of the Property Envelope containing the registration and title, a copy of the waiver form. In all, it appeared the United States had provided a complete discovery packet. There is no way that Pettiford could have determined, given the apparent completeness of the file, that anything had been withheld. Thus, the second factor has been satisfied.

3. The Evidence Was Not Merely Impeaching or Cumulative

The withheld evidence in this case went directly to Pettiford's guilt in the Superior Court case. The facts underlying that case were introduced in this case to prove that he knowingly and intentionally possessed the drugs found in the Ford Expedition's console and that he had the specific intent to distribute it. Surely, the fact that someone else's valid driver's license was found in the exact same place as the drugs in the Superior Court case would have a great impact on the strength of the 404(b) evidence. In fact, it may well be that had the Court been made aware of this exculpatory evidence, the facts of the Superior Court arrest may not have even been ruled admissible. And it is beyond all doubt that had defense counsel been advised of this *Brady* information he would not have stipulated to the use of the plea transcript and would have insisted that the officers be brought in to testify before the jury.

4. The Evidence Must Be Material to The Issues

7

The obvious issue in the case was whether Mr. Pettiford knowingly and intentionally possessed with intent to distribute the drugs recovered from the console of the vehicle he occupied. The 404(b) evidence was admitted to prove knowledge and intent. Thus, the proof of knowledge and intent came from the evidence that just 3 weeks prior to the instant offense, Pettiford was arrested and pled guilty to possessing, with intent to distribute, drugs found in the console of the vehicle he occupied. The materiality of the withheld evidence is overwhelming.

5. A New Trial Would Probably Result in an Acquittal

To be sure, if a new trial is ordered, the United States is not foreclosed from attempting to introduce evidence of the prior bad act even though Mr. Pettiford was acquitted of that conduct. *Dowling v. United States*, 493 U.S. 342 (1990). But even if the conduct is determined to be admissible at a new trial, the jury would be apprised of two additional facts: (1) another person's license was found with the drugs, and (2) Mr. Pettiford was acquitted of the conduct. The impact of the 404(b) evidence would, at that be point, be rendered fairly impotent.

Coupled with the facts in this case, an acquittal would be likely. As the Court may recall, the drugs in this case were found in a console not in plain view. Additionally, while it was the Government's evidence that Pettiford had been stopped in the same vehicle four days before his arrest in this case, the vehicle was registered to someone other than Pettiford. The evidence in this case was far from overwhelming; the first trial ended in a hung jury. Had the jury been

8

advised of all the facts surrounding the 404(b) evidence, Mr. Pettiford would have been acquitted.

II. DEFENDANT IS ENTITLED TO A NEW TRIAL BASED ON THE *BRADY* VIOLATION.

*Brady v. Maryland*, 373 U.S. 83, 87 (1963) held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." To prove a *Brady* violation, Wilson must show that the material was (1) favorable to him; (2) material; and (3) that the prosecution had the materials and failed to disclose them. *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of proceedings would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (internal quotations omitted).

There is no doubt that evidence that someone else's valid driver's license was found with the drugs with which Pettiford was charged is *Brady* information. The judge in the Superior Court case granted the defense a continuance to remedy the *Brady* violation in that case. The only available remedy in this case is a new trial.

And, as discussed above, the evidence was material to Pettiford's guilt. The prior conduct was used to prove knowledge and intent. Evidence that someone else committed the offense limits the strength of that proof. Therefore, it was material.

9

Finally, there is a reasonable probability that had the evidence been disclosed in a timely fashion, the result of the trial would have been different. This was a close case. The first trial resulted in a hung jury. Evidence that Pettiford pled guilty in another case with a similar fact pattern, was devastating. But, information that would have countered that evidence, that would have put the defendant on a level playing field, and would have allowed the jury to hear the truth, would have led to an acquittal.

## CONCLUSION

Mr. Pettiford submits that the interest of justice requires that he be granted a new trial. The 404(b) evidence was very damaging in what was a very short trial. The United States had countless opportunities to provide this evidence and repeatedly failed to so. To let this conviction stand, in light of these facts, would make a mockery of the criminal justice system.

Respectfully submitted,

_____/s/_____
Mary E. Davis #385583
Davis & Davis
514 10th Street, NW – Ninth Floor
Washington, D.C. 20004
(202) 234-7300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion was served via the Court's ECF System upon Edward O'Connell, AUSA on this 25th day of August, 2008.

_____/s/_____
Mary E. Davis